Filed 12/12/22 P. v. Herrera CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079657 |
| v. | (Super.Ct.No. CR37320) |
| MARK HERRERA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Affirmed with directions.

Mark Herrera, in pro. per., and James M. Kehoe, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Mark James Herrera appeals the Riverside County Superior Court's denial of his petition for resentencing made pursuant to section 1172.6 of the Penal Code.[1] We affirm.

## BACKGROUND

In 1990, when defendant was seventeen years old, he shot and killed a man who was trying to break up a fight at a house party. A year later, a jury found defendant guilty of second degree murder (§ 187) and personal use of a firearm (§ 12022.5). The trial court sentenced him to a prison term of 19 years to life (15 years to life for the murder plus 4 years for the firearm enhancement), and imposed a restitution fine of $10,000.[2] Defendant appealed his conviction to this court and we affirmed. (*People v. Herrera* (Dec. 2, 1992, E010080) [nonpub. opn.].)

On January 1, 2019, Senate Bill No. 1437 became effective. (Stats. 2018, ch. 1015.) That measure amended sections 188 (defining malice) and 189 (defining degrees of murder) to limit the reach of the felony murder rule and to eliminate the natural and probable consequences liability for murder. (Stats. 2018, ch. 1015.) The bill also added section 1172.6, which creates a procedure for convicted persons who could

---

[1] Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering. All further statutory references are to the Penal Code.

[2] In April 2022, the court struck the initial restitution fine and replaced it with a $200 fine. It also imposed and stayed a probation revocation fee of $200. Thereafter, an amended abstract of judgment was filed to reflect the changes, which incorrectly states that defendant was sentenced to life with the possibility of parole. We will order correction of the error. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [the reviewing court has authority to correct clerical errors to reflect the true facts].)

2

not be convicted under the statutes as amended to retroactively obtain relief. In 2021, the Senate amended the statute to make clear that defendants convicted of attempted murder under a natural and probable consequences theory or manslaughter were also entitled to resentencing relief. (§ 1172.6; Senate Bill No. 775; Stats. 2021, ch. 551, §§ 1-2, eff. Jan. 1, 2022.)

In June 2022, defendant filed a section 1172.6 petition to vacate his murder conviction and to be resentenced. The trial court set the matter for a status conference and appointed counsel for defendant. At the August 2022 hearing, the People argued for denial of the petition on the grounds it was a one-defendant case, defendant shot the victim, and the review of the jury instructions established that none were given on the subjects of aiding or abetting, the natural and probable consequences doctrine, or felony murder. Defendant's counsel submitted, explaining he had confirmed the People's statements.[3] The court denied the petition, and defendant appealed.

## DISCUSSION

Defendant's appointed appellate counsel has filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. He posits that we are required to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

---

[3] The minutes of the hearing state that defendant's counsel "objected for the record," which is contrary to counsel's remarks as they appear in the reporter's transcript. Where there is a discrepancy between the reporter's transcript and the minutes that cannot be harmonized, which record will prevail depends on the circumstances of each particular case. (*People v. Harrison* (2005) 35 Cal.4th 208, 226.) Here, we deem the reporter's transcript to be the accurate record.

Counsel suggests a potentially arguable issue: whether the trial court erred when it denied defendant's petition for relief under section 1172.6.

We offered defendant an opportunity to file a personal supplemental brief, which he has done. In his brief, he argues (i) the gun enhancement must be stricken, (ii) his *Miranda*[4] and due process rights were violated, and (iii) he should have been afforded a transfer hearing under the juvenile court law because he was seventeen years old when he committed the crime.

Contrary to defendant's claim, section 12022.5 does not require this court to strike the firearm enhancement. The provision as amended effective January 1, 2018 (Stats. 2017, ch. 682, § 2), authorizes the *trial court* – not this court – to exercise its discretion "in the interest of justice pursuant to section 1385 and at the time of sentencing, to strike or dismiss an enhancement otherwise required to be imposed his section." (§ 12022.5, subd. (c).)

With respect to the issues of due process violations and the lack of a transfer hearing, defendant is foreclosed from raising them in this appeal because his time to appeal those issues has long since passed. California Rules of Court, rule 8.308(a) provides (subject to exceptions not applicable to the issues defendant tenders) that a notice of appeal must be filed within 60 days after the rendition of the judgment or the making of the order being appealed. We note this court has previously denied defendant's writs of habeas corpus claiming violation of his *Miranda* rights (case number

---

[4] *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).

E076509) and asserting his case should have been transferred to the juvenile court for a determination whether he should have been tried as an adult (case number E070411).

Although we are not required to independently review the record for potential errors in a postjudgment appeal, we exercised our discretion to do so in keeping with our opinion in *People v. Griffin* (Nov. 14, 2022, E079269) ___ Cal.App.5th ___. We found no arguable issues but found the two aforementioned errors in the record needing correction.

## DISPOSITION

The judgment is affirmed with directions to (i) correct the August 19, 2022 minute order to delete the statement "Defense objects for the record," and to add the statement, "Defendant submitted," and (ii) to correct the abstract of judgment filed April 11, 2022 by removing the checkmark from item 5, and adding a checkmark to item 6.a. to reflect that defendant's sentence for count 1 was 15 years to life, and thereafter forward a certified copy of the amended abstract to the Director of the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                    P. J.


We concur:

McKINSTER
                              J.

FIELDS
                              J.

5